**Harrison Joseph GUIDRY, Jr., Plaintiff–Appellant,**

v.

**BAY DRILLING CORPORATION, et al., Defendants–Appellees.**

No. 87-3504
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 5, 1988.

Joshua A. Tilton, Baton Rouge, La., for plaintiff-appellant.

Robert H. Murphy, Peter B. Sloss, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendants-appellees.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

The appellant, Harrison Joseph Guidry, Jr., was a floorhand aboard the DUHON, a drilling barge owned by the appellee, Bay Drilling Corporation. Guidry alleges that on November 7, 1984, he was handling some slips as the drilling crew aboard the DUHON was running drill pipe "in the hole." When one of the slips jammed because the barge was off center, Guidry claims his left foot slipped in the mud, gel, and water on the DUHON's floor causing him to injure his back severely.

During the trial Guidry attempted to call as an expert witness Edward Roberts, a safety consultant. After an initial probe into Roberts' credentials and qualifications, Roberts was questioned about his personal knowledge of the DUHON. Roberts testified that he had not inspected or even been on the DUHON in connection with Guidry's claim, nor had he examined any photographs or plans of the DUHON. Roberts stated that his testimony was based on the deposition and trial testimony of the rig's driller, its two floorhands, and the motorman. The district court refused to permit Roberts to testify on grounds that he had not personally inspected the barge.

After the trial the jury returned a verdict in favor of Bay Drilling, finding that Guidry was not involved in an accident aboard the DUHON; the court entered judgment on the verdict. Guidry filed a timely notice of appeal.

Guidry contends on appeal that the district court erred in excluding Roberts' expert opinion testimony on grounds that he had not personally inspected the site of the alleged accident. We need not address

whether the trial court committed error, for if it did, the error was harmless.

The jury specifically found that Guidry was not involved in an accident aboard the DUHON. Roberts' testimony, however, assumed that an accident had occurred; it was relevant only to whether an unsafe condition aboard the DUHON caused the alleged accident. Because the jury found that no accident occurred, it was not required to explore the questions of liability for which Roberts' testimony would have been relevant. As a result, the district court's exclusion of Roberts' expert opinion testimony did not affect Guidry's substantial rights, and any error the district court may have committed was harmless. See Fed.R.Civ.P. 61; *Pregeant v. Pan Am. World Airways, Inc.*, 762 F.2d 1245, 1248 (5th Cir.1985).

For these reasons, the judgment of the district court is

AFFIRMED.